UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNIE STEELMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV79 JAR |
| ) | |
| JOHN K. HOCH and ) | |
| WENDI M. HOCH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Complaint ("Motion"; ECF No. 30), filed August 31, 2012. The Court has twice ordered Plaintiff to respond to Defendants' Motion to Dismiss. On September 11, 2012, the Court issued a show cause order for Plaintiff to respond to Defendants' Motion by September 21, 2012, or the Court would rule on Defendants' unopposed Motion. (ECF No. 32). On September 19, 2012, the Court granted the parties' motions to extend the ADR deadline. (ECF No. 35). In that Order, the Court reiterated Plaintiff's obligation to respond to Defendants' Motion and extended Plaintiff's deadline to respond to Defendants' Motion until September 28, 2012. (ECF No. 35). On October 1, 2012, Plaintiff filed her Response to Court Order in Reference to Defendants' Motion to Dismiss Complaint ("Response"; ECF No. 36).

In her Complaint, Plaintiff seeks injunctive relief, *i.e.*, to order Defendants to comply with Title III of the Americans with Disabilities Act ("ADA"), 42, U.S.C .§§12181, *et seq*. (ECF No. 1). In Defendants' Motion, they contend this Court should dismiss Plaintiff's Complaint because this Court lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). Specifically, Defendants assert that 201 W. Hwy. 72, Rolla, Missouri 65401 ("the premises"), is no longer a place of "public accommodation" as contemplated by the ADA , 42 U.S.C. §12181(7)(b); 28 C.F.R. §36.104.

(Motion, ¶2). Defendants claim the premises is permanently closed, they have no intention of leasing the premises, and they have placed the premises for sale. (Id., ¶¶2-3).

In her Response, Plaintiff asks the court "to allow the Federal Laws to prevail and get these places of business in compliance[.]" (Response, p. 1). Plaintiff, however, does not address Defendants' argument that Plaintiff's Complaint is moot due to the impending sale of the premises. (Response, *passim*).

As the Supreme Court has explained, "no justiciable controversy is presented . . . when the parties are asking for an advisory opinion, [or] when the question sought to be adjudicated has been mooted by subsequent developments . . ." Flast v. Cohen, 392 U.S. 83, 95 (1968). To demonstrate that a case is moot, the defendant must show (1) "that there is no reasonable expectation that the alleged violation will recur," and (2) that "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." County of Los Angeles v. Davis, 440 U.S. 625, 631, 59 L. Ed. 2d 642, 99 S. Ct. 1379 (1979) (internal quotations omitted) (citations omitted). "When both conditions are satisfied it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of fact and law." Davis, 440 U.S. at 631.

Based upon the evidence presented, the Court finds that Plaintiff's Complaint is moot. First, the Court finds no reasonable expectation that the alleged ADA violation will reoccur because the premises is not operating as a public accommodation and Defendants are selling the premises. Defendants attest that their former tenant, Roundtable Restaurant, has closed the restaurant and vacated the premises. (Affidavit of Wendi M. Hoch ("Hoch Affidavit"), ECF No. 31-1, ¶3). Defendants state that they are under contract with a real estate agent to sell the premises and have no intention of re-leasing the property or operating the restaurant. (Id., ¶¶4-6). Second, the Court finds that the intervening events of closing the restaurant and selling the premises "have completely

and irrevocably eradicated the effects of the alleged violation." Davis, 440 U.S. at 631. Thus, the Court finds that Plaintiff's claim for injunctive relief against Defendants is moot because the Roundtable restaurant is closed and Defendants are selling the premises. See Baltimore Neighborhoods, Inc. v. LOB, Inc., 92 F. Supp. 2d 456, 462 (D. Md. 2000)(plaintiffs' ADA claim that a model unit/sales center was inaccessible was dismissed for lack of jurisdiction because the sales center closed and would not reopen); Kohler v. Southland Foods, Inc., 459 Fed. Appx. 617, 618 (9th Cir. 2011)(Kohler's claims for prospective injunctive relief under Title III of the ADA "became moot once the restaurant ceased operation"). Plaintiff's case is dismissed for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiff's Complaint [30] is **GRANTED**. An appropriate Order of Dismissal will accompany this Order.

Dated this 1st day of October, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE